IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID L. DRAKE and ) <br> REBECCA A. DRAKE ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> OLD DOMINION FREIGHT LINE, INC. ) <br> and TOREANO DEL SEAN BARNES, ) <br>  ) <br> Defendants. ) | Case No. <br><br> **Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff David L. Drake and Plaintiff Rebecca A. Drake and for their Complaint against Defendant Old Dominion Freight Line, Inc. (hereinafter "Defendant Old Dominion") and Defendant Toreano Del Sean Barnes (hereinafter "Defendant Barnes"), state and allege as follows:

## PARTIES

1. Plaintiff David L. Drake and Plaintiff Rebecca A. Drake are citizens of the state of Missouri, domiciled at 465 County Road 306, Poplar Bluff, Missouri 63901.

2. Defendant Old Dominion is a corporation incorporated, headquartered, and existing under the laws of the State of North Carolina.

3. Defendant Old Dominion's principal place of business is in Davidson County, North Carolina.

4. Upon information and belief, Defendant Barnes is a citizen of the state of Mississippi, domiciled at 7326 Hunters Horn Dr., Olive Branch, Mississippi 38654.

5. Defendant Old Dominion's Registered Agent, The Corporation Company, is

registered with Missouri's Secretary of State. The Corporation Company's addressed registered with Missouri Secretary of State is 120 S. Central Ave., Clayton, Missouri 63105.

## JURISDICTION

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

7. This action arises under diversity of citizenship, 28 U.S.C. § 1332(a)(1), as hereinafter more fully appears.

8. This is a civil action.

9. Plaintiff David L. Drake seeks to recover damages in excess of $75,000.00, exclusive of interest and costs.

10. Plaintiff Rebecca A. Drake seeks to recover damages in excess of $75,000.00, exclusive of interest and costs.

11. There is complete diversity of citizenship between plaintiffs and defendants in that Plaintiff David L. Drake and Plaintiff Rebecca A. Drake are citizens of the state of Missouri, domiciled at 465 County Road 306, Poplar Bluff, Missouri 63901, Defendant Old Dominion is a corporation incorporated and headquartered in the state of North Carolina, and Defendant Barnes is a citizen of the state of Mississippi, domiciled at 7326 Hunters Horn Dr., Olive Branch, Mississippi 38654.

12. Furthermore, this Court has personal jurisdiction over both Defendant Old Dominion and Defendant Barnes.

13. Under Fed. R. Civ. P. 4(k)(1)(A), a United States District Court has personal jurisdiction over any party who is subject to personal jurisdiction in a court of general jurisdiction in the state where the district court is located.

14. Under § 508.010, RSMo. (2019), through Defendant Barnes' commission of a

tortious act within Missouri while acting within the course and scope of his employment for Defendant Old Dominion, the courts of general jurisdiction in Missouri obtained personal jurisdiction over Defendant Barnes and Defendant Old Dominion.

15. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events and occurrences that are the subject of the cause of action stated in this Complaint occurred in Shannon County, Missouri, which is in the judicial district of the Eastern District of Missouri, Southeastern Division.

## GENERAL ALLEGATIONS

16. On or about May 4, 2017, Plaintiff David L. Drake, while in the exercise of due care, was operating his vehicle eastbound on Highway U.S. 60 in Shannon County, Missouri.

17. At the same time, Defendant Barnes, while in the course and scope of his employment for Defendant Old Dominion, was operating his semi-truck southbound, entering Missouri 99 by crossing U.S. 60 in Shannon County, Missouri.

18. At this time, Defendant Barnes, while in the course and scope of his employment for Defendant Old Dominion, negligently operated his semi-truck, and was negligent in one or more of the following respects:

    a. failing to keep a careful lookout to the front and laterally so as to discover Plaintiff David L. Drake's vehicle before colliding with it;

    b. driving in a reckless manner without due care;

    c. failing to yield to oncoming traffic;

    d. failing to yield the right of way to Plaintiff David L. Drake;

    e. colliding with Plaintiff David L. Drake's vehicle;

    f. knowing, or by the use of the highest degree of care could have known, that

there was a reasonable likelihood of collision to have used appropriate evasive procedures to avoid the collision, but Defendant Barnes failed to do so; and

g.   in other respects not fully known at this time.

19.   Defendants owed Plaintiff David L. Drake and others a duty to operate the semi-truck exercising the highest degree of care so as not to endanger Plaintiff David L. Drake or others and Defendant Barnes, while in the course and scope of his employment for Defendant Old Dominion, violated said duty of care.

20.   Defendants' actions and conduct as alleged herein were willful and wanton in that Defendants showed an utter indifference to, or conscious disregard for, Plaintiff David L. Drake's safety and the safety of others so that justice and the public good require the imposition of punitive damages in such sum as will serve to punish Defendants and discourage Defendants and others from similar conduct.

**COUNT I – PERSONAL INJURY TO PLAINTIFF DAVID L. DRAKE**

COMES NOW Plaintiff David L. Drake, and for Count I of this *Complaint* against Defendant Old Dominion and Defendant Barnes, states as follows:

21.   Plaintiff David L. Drake hereby adopts and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 20 above inclusive.

22.   As a direct and proximate result of Defendant Old Dominion's and Defendant Barnes' actions and conduct as alleged herein, Plaintiff David L. Drake sustained serious, permanent, and progressive injuries to his brain (including but not limited to traumatic brain injury, post-concussion syndrome, migraines, diminishment of cognitive functioning, memory loss,

depression, anxiety, PTSD), head, neck, shoulder, chest, left hip, pelvis, left leg, left hand, and vision.

23. As a direct and proximate result of Defendant Old Dominion's and Defendant Barnes' actions and conduct as alleged herein, Plaintiff David L. Drake is unable to carry on his everyday chores and pleasures or indulge in his customary ways of life as before the collision and will suffer said damages permanently.

24. As a direct and proximate result of Defendant Old Dominion's and Defendant Barnes' actions and conduct as alleged herein, Plaintiff David L. Drake has been caused to undergo extensive medical treatment and has incurred medical bills and expenses for said treatments and medicines, and will, in the future, be obligated to spend additional monies for medical treatments, medicine, and care.

25. As a direct and proximate result of Defendant Old Dominion's and Defendant Barnes' actions and conduct as alleged herein, Plaintiff David L. Drake has incurred a substantial loss of income (including but not limited to regular earnings and fringe benefits), and will, in the future, suffer a substantial loss of income.

26. At all pertinent times stated herein, Defendant Barnes was acting within the course and scope of his employment for Defendant Old Dominion.

27. Plaintiff David L. Drake requests a jury trial.

WHEREFORE Plaintiff David L. Drake prays for judgment in favor of Plaintiff David L. Drake and against Defendant Old Dominion and Defendant Barnes for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages as will serve to punish Defendants and discourage Defendants and others from similar conduct, plus post-judgment

interest, costs, and attorney's fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

**COUNT II – LOSS OF CONSORTIUM TO PLAINTIFF REBECCA A. DRAKE**

COMES NOW Plaintiff Rebecca A. Drake, and for Count II of this *Complaint* against Defendant Old Dominion and Defendant Barnes, states as follows:

28. Plaintiff Rebecca A. Drake hereby adopts and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 27 above inclusive.

29. Plaintiff Rebecca A. Drake was, at all pertinent times, the lawfully wedded wife of Plaintiff David L. Drake.

30. As a direct and proximate result of Defendant Old Dominion's and Defendant Barnes' actions and conduct as alleged herein, Plaintiff Rebecca A. Drake, as the lawfully wedded wife of Plaintiff David L. Drake, was deprived of the service, society, companionship, comfort, care, and consortium to which she was entitled to as his wife and will continue to suffer similar damages in the future by reason of the permanency of his injuries.

31. At all pertinent times stated herein, Defendant Barnes was acting within the course and scope of his employment for Defendant Old Dominion.

32. Plaintiff Rebecca A. Drake requests a jury trial.

WHEREFORE Plaintiff Rebecca A. Drake prays for judgment in favor of Plaintiff Rebecca A. Drake and against Defendant Old Dominion and Defendant Barnes for compensatory damages that are fair, equitable, and in excess of $75,000.00, plus punitive damages in such sum as will serve to punish Defendants and discourage Defendants and others from similar conduct, plus post-judgment interest, costs, and attorneys' fees as allowed by law, and for such other and further orders as this Court deems just and proper under the circumstances.

Respectfully Submitted,

*/s/ Ernie S. Ueligger*
Ernie S. Ueligger, MO Bar #64205
JONES & UELIGGER, LLC
2412 Forum Blvd., Suite 101
Columbia, MO 65203
(573) 874-1122
(573) 340-1465 (Fax)
Ernie@JandULaw.com
Lead Counsel for Plaintiff


*/s/ Debbie S. Champion*
Debbie S. Champion, MO Bar #38637
RYNEARSON SUESS SCHNURBUSCH CHAMPION, LLC.
500 North Broadway, Suite 1550
St. Louis, Missouri 63102
(314) 421-4430
(314) 421-4431 (Fax)
dchampion@rssclaw.com
Co-Counsel for Plaintiff