UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. DRAKE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:22CV21 ACL |
| | ) | |
| OLD DOMINION FREIGHT LINE, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Complaint of Plaintiffs David L. Drake and Rebecca Ann Drake asserting a personal injury action against Defendants Old Dominion Freight Line, Inc. ("Old Dominion") and its employee Toreano Barnes, following an accident involving a semi-truck operated by Barnes. Presently pending before the Court is Defendant Old Dominion's Motion to Dismiss Plaintiffs' Claims for Punitive Damages. (Doc. 11.) Plaintiffs oppose the Motion. (Doc. 13.)

**I.    Legal Standards**

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801,

1

806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  *Twombly*, 550 U.S. at 556.  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."  *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)."  *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted).  However, striking a party's pleading is a disfavored and extreme measure.  *Id.* (citation omitted).

**II.     Discussion**

Defendant argues that Plaintiffs' claims for punitive damages should be dismissed because Plaintiffs "allege garden variety negligence."  (Doc. 12 at 2.)

In response, Plaintiffs first argue that the Motion should be denied because it is properly characterized as a motion to strike, and there is no basis to strike Plaintiffs' request for punitive damages.  Plaintiffs alternatively argue that their claim survives a motion to dismiss because the Complaint sets forth facts to support a plausible claim for punitive damages.

As an initial matter, the Plaintiffs correctly note that a motion to dismiss a request for punitive damages is generally found to be procedurally improper at this stage.  *See JS IP, LLC v. LIV Ventures, Inc.*, 8:11CV424, 2012 WL 2871794, at *9 (D. Neb. July 12, 2012) ("The Court

will not address Defendants' request to dismiss Plaintiff's request for attorney's fees, profits, and punitive damages at this time because forms of relief are not proper subject matter for a Rule 12(b)(6) motion to dismiss.") (citations omitted); *Affil. Foods Midw. Coop., Inc. v. Supervalu Inc.*, 8:16CV465, 2017 WL 2222916, at *2 (D. Neb. May 19, 2017) (denying motion concerning pleading for attorneys' fees because "prayers for relief generally are not appropriate subject matter for dismissal"); *cf C.W. by Gray v. Walgreen Co.*, 4:17-CV-1488 CAS, 2018 WL 646009, at *5 (E.D. Mo. Jan. 31, 2018) (striking portion of pleading seeking attorney fees but noting "motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and infrequently granted") (citation omitted).  The Court will, therefore, construe Defendant's Motion as a motion to strike.

      The Complaint alleges that Defendant Barnes negligently operated his semi-truck in that he failed to keep a careful lookout to the front and laterally, drove in a reckless manner without due care, failed to yield to oncoming traffic, failed to yield the right of way to Plaintiff David L. Drake, collided with Plaintiff David L. Drake's vehicle, and knew or should have known that there was a reasonable likelihood of collision but failed to use appropriate evasive procedures to avoid the collision.  (Doc. 1 at 3-4.)  Plaintiffs allege that Defendants' actions and conduct "were willful and wanton in that Defendants showed an utter indifference to, or conscious disregard for, Plaintiff David L. Drake's safety and the safety of others so that justice and the public good require the imposition of punitive damages."  *Id.* at 4.

      To support a claim for punitive damages under Missouri law, evidence must show that the defendant either knew or had reason to know that there was a high degree of probability that the defendant's conduct would result in injury.  *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Products, Inc.*, 700 SW.2d 426,  436 (Mo. banc 1985).  Missouri courts have

3

sustained punitive damage awards in negligence actions involving trucking accidents.  *See, e.g. Coon v. Am. Compressed Steel, Inc.,* 207 S.W.3d 629, 638 (Mo. Ct. App. 2006) (sustaining award of punitive damages because the motor carrier had shown a conscious disregard for public safety in failing to comply with federal and state motor carrier regulations and industry standards).

Defendant has not shown that there is a statutory or other bar to punitive damages in this negligence case sufficient to warrant the extreme measure of striking Plaintiffs' request for punitive damages under Rule 12(f).  *See Miller v. DNJ Intermodel Servs., LLC*, No. 2:13-CV-80-SPM, 2013 WL 6159116, at *3 (E.D. Mo. Nov. 25, 2013) (finding no reason to strike plaintiff's claim for punitive damages under a negligence theory where defendants failed to demonstrate a statutory or constitutional bar to such damages under Rule 12(f)); *but see Spinks v. City of St. Louis Water Div.*, 176 F.R.D 572, 574 (E.D. Mo. 1997) (striking prayer for punitive damages where such damages were unavailable against a municipality under Title VII, the Missouri Human Rights Act, § 1981, and § 1983).  Thus, Defendant's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Old Dominion's Motion to Dismiss Plaintiffs' Claims for Punitive Damages (Doc. 11) is **denied**.

      /s/ Abbie Crites-Leoni
      ABBIE CRITES-LEONI
      UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of October, 2022.