IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DAVID L. DRAKE and )
REBECCA A. DRAKE, )
                                        )
    Plaintiffs, )
                                        )
vs. )   Case No: 1:22-cv-00021-ACL
                                        )
OLD DOMINION FREIGHT LINE, INC. )
and TOREANO DEL SEAN BARNES, )
                                        )
    Defendants. )

## CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to the consent of the Parties hereto and as indicated by the signature of counsel hereunder, the Parties submit the following Confidentiality and Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to govern the production of documents and other materials deemed confidential during the discovery process.

### Background

1.     In this lawsuit, Plaintiffs David Drake and Rebecca Drake allege Defendant Old Dominion Freight Line, Inc. is vicariously liable for the actions of Co-Defendant Toreano Barnes.

2.     Several discovery requests served in this matter set forth requests for production of documents including employment and training records, handbooks, and other records and documents, which contain information of a confidential and/or proprietary nature.

3.     Over the course of this litigation, the request for confidential information and documents may arise directed towards the Parties, individually or collectively, in this case.

4. Therefore, any confidential and/or proprietary documents identified over the course of this litigation as Confidential Information, shall be handled pursuant to the following agreed upon terms.

### Agreement

5. Documents containing Confidential Information shall be designated as Protected Documents by placing or affixing on each page of the material in a manner, which will not interfere with its legibility, the word "CONFIDENTIAL".

6. The designation of Protected Documents may be made prior to reproduction of any such material selected on behalf of a party for copying and before distribution of such reproduced material to that party.

7. A party shall not be deemed to have waived any right to designate materials as Protected Documents by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure of the same.

8. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses Confidential Information, counsel for the deponent or the party with whom the deponent is affiliated, or counsel for any party to this Action shall inform the deposing counsel of the confidentiality of any such testimony or exhibit, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed or ordered. For purposes of this Order, a deponent is "affiliated" with a party if he or she is a past or present officer, director, shareholder, agent, employee, consultant, or representative of such party.

9. Confidential Information shall not be communicated to anyone for any purpose whatsoever, other than as required for this litigation through final judgment and including any appellate review.

10. Access to Confidential Information shall be limited to those persons designated below as "Qualified Persons":

   a. Counsel of record for Defendants and law firm employees who are materially assisting in the preparation or trial of this action;

   b. Counsel of record for Plaintiff and law firm employees who are materially assisting in the preparation or trial of this action;

   c. Experts and consultants retained by Plaintiff or Defendants whose assistance is necessary for trial preparation of this specific action;

   d. Under seal to the Court and the Court's employees and staff;

   e. Others assisting the Parties, including but not limited to mediators, court reporters and videographers;

   f. Witnesses/deponents whose testimony is material to preparation or trial of this action;

   g. Jurors, and

   h. Parties to this action and their insurers and claims/litigation managers.

11. Before being given access to any Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, advised that Confidential Information cannot be disclosed for purposes outside of this litigation without further order by this Court, and advised that they must agree to be bound by the terms of this Order prior to receiving access to any Confidential Information.

12. Except to the extent permitted by this Order, every Qualified Person provided copies of or access to Protected Documents pursuant to this Order shall agree to be bound by the terms and conditions of this Order prior to receiving access to any Confidential Information, shall keep all such documents and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and prudent measures to maintain the confidentiality of all such Protected Documents and shall not disseminate such documents to anyone.

13. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court.

14. The Parties recognize that, during the course of this action, there may be produced Confidential Information originating with a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Order.

15. In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced Protected Documents that have not been designated as "CONFIDENTIAL," the producing party may designate the Protected Documents by a subsequent notice in writing specifically identifying the information and furnishing the correct designation, in which event the Parties shall henceforth treat such information as confidential under this Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

16. Promptly after the termination of this action by entry of a final judgment or order of dismissal, each party and Qualified Person shall either (a) return to the producing party all Protected Documents under this Order and all copies thereof, (b) make all reasonable efforts to destroy or delete all known copies of all Protected Documents and certify in writing within thirty (30) days that all reasonable efforts have been made to destroy or delete such documents, or (c) maintain all Protected Documents in secure storage with controlled access.

17. Outside counsel for each party may retain copies of pleadings filed in court, and of deposition and court transcripts or recordings.

18. This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any party that any document or information designated as confidential is in fact a trade secret or contains confidential financial, proprietary, or business information. This Order does not constitute a waiver of any Party's right to challenge any such redaction or designation as confidential; provided, however, such challenge must comply with E.D.Mo. L.R. 3.04 regarding discovery motions.

19. Nothing in this Order will be construed to affect the use of any document, material or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Information; provided, however, that Parties must comply with E.D.Mo. L.R. 3.04 regarding discovery motions. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

20. If a party contends that any document has been erroneously designated "CONFIDENTIAL", it is the burden of the party marking it "CONFIDENTIAL" to petition the Court for a hearing to determine the same; provided, however, that Parties must comply with E.D.Mo. L.R. 3.04 regarding discovery motions. The objecting party must describe the document at issue with specificity. In response, it is the burden of the party declaring the document "CONFIDENTIAL" to show the court need or resulting prejudice if the document is not marked confidential and/or is not given confidential treatment. Nothing in this Order shall constitute a waiver of any Parties' right to object to the designation of a particular document as a Protected Document.

21. The Parties hereto agree to this Consent Confidentiality and Protective Order being binding without a Court Order, but with the understanding and agreement that the Parties will have this Order presented to the Court to further protect the contents of the Confidential Information.

**SO ORDERED.**

March 23, 2023
Date

_Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE