UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. DRAKE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:22CV21 ACL |
| | ) | |
| OLD DOMINION FREIGHT LINE, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Extend Discovery Deadlines to Permit Rebuttal Expert Disclosure. (Doc. 52.) Defendants have filed a Response. (Doc. 53.)

On November 30, 2023, Plaintiffs filed their Motion stating that the deadline for the disclosure of any rebuttal opinions was December 1, 2023, yet the parties were still conducting discovery depositions of the disclosed retained experts through December 8, 2023. Plaintiffs state that two issues arose at the depositions of Defendant Old Dominion's experts. First, Plaintiffs indicate that, given the complexity of Defendant's accident reconstruction expert Fred Semke, Plaintiffs will require the assistance of a consulting expert. Second, Plaintiffs state that Dr. Seth Tuwiner revealed an opinion in his November 29, 2023 deposition that was not disclosed in his report. Plaintiffs indicate that any rebuttal of Dr. Tuwiner's previously undisclosed opinions will require a new report and possibly a new expert, which cannot be accomplished within the current schedule. Plaintiffs requested that they be granted until January 8, 2024, to disclose rebuttal expert reports.

Defendants respond that they do not oppose Plaintiffs' request for an extension of time to

1

disclose rebuttal opinions and reports, but dispute whether the opinions of the experts that may be disclosed are truly rebuttal opinions.

On December 21, 2024, the Court held a telephone conference with the parties, during which it was determined that the Court would stay the deadlines in this matter pending the Court's resolution of the instant Motion.  (Doc. 55.)  After reviewing the briefing on Plaintiffs' Motion, the Court finds that any determination regarding the appropriateness of  rebuttal experts is premature prior to the disclosure of the experts and their reports.  The Court further finds that Plaintiffs' request for an extension of time to disclose rebuttal opinions and reports is reasonable and will be granted.

As discussed in the telephone conference, the requested extension requires that the remaining deadlines—for the completion of discovery, filing of *Daubert* motions and dispositive motions, pre-trial filings, and trial date—be extended.  Moreover, the requested deadline for the disclosure of rebuttal expert reports has now expired.  Thus, the parties are directed to meet and confer and submit a revised joint proposed scheduling plan, after which the Court will issue an amended case management order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Extend Discovery Deadlines to Permit Rebuttal Expert Disclosure (Doc. 52) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall submit a revised joint proposed scheduling plan no later than **January 23, 2024**.

**IT IS FURTHER ORDERED** that **all deadlines in this matter, including the April 8, 2024 trial date, are vacated.**  An amended case management order will be entered after the submission of the revised joint scheduling plan.

          /s/ Abbie Crites-Leoni
          ABBIE CRITES-LEONI
          UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of January, 2024.